**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

```
DWAYNE DEMONT HAIZLIP,        )
                              )
              Petitioner,     )
                              )
        v.                    )        1:15CV417
                              )
KATY POOLE,                   )
                              )
              Respondent.     )
```

**MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus via 28 U.S.C. § 2254. (Docket Entry 1.) For the reasons that follow, this Court should deny relief.

## I. Background

After a jury found Petitioner guilty of trafficking in 28 grams or more, but less than 200 grams, of cocaine by transportation and by possession (both as an habitual felon) in cases 12CRS24422, 12CRS76539, and 12CRS76540, the Superior Court of Guilford County entered judgment imposing concurrent terms of 144 to 185 months in prison. (Id., ¶¶ 1, 3-6; Docket Entry 5-4 at 39-40, 42-46.) The North Carolina Court of Appeals affirmed and the North Carolina Supreme Court denied review. State v. Haizlip, No. COA13-1286, 763 S.E.2d 927 (table), 2014 WL 3824248 (N.C. Ct. App. Aug. 5, 2014) (unpublished), review denied, 367 N.C. 796, 766 S.E.2d 660 (2014). Petitioner then timely instituted this action by filing (through counsel) a form Petition under 28 U.S.C. § 2254. (Docket Entry 1.) Respondent has moved for summary judgment. (Docket Entry 4; see also Docket Entry 5 (Respondent's summary

judgment brief).) Petitioner (through counsel) has responded. (Docket Entry 6 at 1 (stating, in document entitled "Response to Respondent's Motion for Summary Judgment," that Petitioner "agrees that there are no genuine issues of material fact," but contends, for reasons "shown in the accompanying Supporting Brief, . . . that the Motion for Summary Judgment filed by [] Respondent should be denied and [s]ummary [j]udgment be entered in favor of Petitioner"); <u>see also</u> Docket Entry 7 (Supporting Brief of Petitioner).) Respondent has replied. (Docket Entry 8.)

## II. Ground for Relief

In the paragraph provided for "stat[ing] every ground on which [Petitioner] claim[s] that [he is] being held in violation of the Constitution, laws, or treaties of the United States," the Petition states: "The enhancement of a mandatory Trafficking sentence by the Habitual Felon Law violates the Rule of Lenity, emanating from the Due Process Clause of the Fourteenth Amendment." (Docket Entry 1, ¶ 12(Ground One).) As "[s]upporting facts" for that claim, the Petition alleges (in its entirety) as follows: "Pursuant to N.C. Gen. Stat. [§] 90-95(h)(3), Trafficking in 28-200 grams of cocaine requires a mandatory sentence of 70-84 months. The existence of prior convictions is irrelevant to the sentence. The State increased the sentence to 144 to 185 months under the Habitual Felon Act, which requires three non-overlapping prior felony convictions." (<u>Id.</u>, ¶ 12(Ground One)(a).)[1]

---

[1] The Petition identifies no other claim(s). (<u>See</u> Docket Entry 1, ¶ 12(Ground Two), (Ground Three) & (Ground Four).)

### **III. Habeas Standards**

The Court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Further, "[b]efore [the C]ourt may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. . . . The exhaustion doctrine . . . is now codified at 28 U.S.C. § 2254(b)(1)." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). In addition, this Court must apply a highly deferential standard of review in connection with any habeas claim "adjudicated on the merits in State court proceedings," 28 U.S.C. § 2254(d). More specifically, the Court may not grant relief on any such habeas claim unless the underlying state court decision on the merits "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id.; see also 28 U.S.C. § 2254(e)(1) (establishing, in federal habeas proceedings, presumption of correctness as to state court factual findings, subject to rebuttal only by "clear and convincing evidence").

To qualify as "contrary to" United States Supreme Court precedent, a state court decision either must arrive at "a conclusion opposite to that reached by [the United States Supreme] Court on a question of law" or "confront[] facts that are

materially indistinguishable from a relevant [United States] Supreme Court precedent and arrive[] at a result opposite" to the United States Supreme Court. Williams v. Taylor, 529 U.S. 362, 406 (2000). A state court decision "involves an unreasonable application" of United States Supreme Court case law "if the state court identifies the correct governing legal rule from [the United States Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407; see also id. at 409-11 (explaining that "unreasonable" does not mean merely "incorrect" or "erroneous"); see also Cullen v. Pinholster, 563 U.S. 170, 181 (2011) (holding that Section 2254(d) imposes "a difficult to meet and highly deferential standard . . ., which demands that state-court decisions be given the benefit of the doubt" and that a "petitioner carries the burden of proof" (internal citations and quotation marks omitted)).

## IV. Discussion

In North Carolina, "when one who has already attained the status of an habitual felon is indicted for the commission of another felony, that person may then be also indicted in a separate bill as being an habitual felon." State v. Allen, 292 N.C. 431, 433, 233 S.E.2d 585, 587 (1977) (discussing Habitual Felon Act, N.C. Gen. Stat. §§ 14-7.1, et seq.). "Being an habitual felon is not a crime but is a status the attaining of which subjects a person thereafter convicted of a crime to an increased punishment for that crime." Id. at 435, 233 S.E.2d at 588. As quoted in Section II, the Petition seeks federal habeas relief based on the

-4-

contention that, as a matter of federal constitutional law, North Carolina courts had to apply the Rule of Lenity[2] to preclude enhancement of Petitioner's cocaine trafficking sentence(s) based on his status as a habitual felon.

Petitioner raised the same claim on direct appeal. See Appellant's Brf., State v. Haizlip, No. COA13-1286, 2014 WL 197172, at *15 (N.C. Ct. App. Jan. 7, 2014) ("Neither the punishment section of the Habitual Felon Act, N.C. Gen. Stat. § 14-7.6, nor the punishment section of the drug trafficking law, N.C. Gen. Stat. § 90-95(h)(3) specifically addresses the question whether or not a trafficking sentence can be enhanced by the habitual felon act. . . . [Petitioner] contends that the Rule of Lenity, emanating from the Due Process Clause of the Fourteenth Amendment, requires that ambiguities in statutory language require that a criminal statute be construed in favor of the defendant. *See State v. Sherrod*, 191 N.C. 776, 663 S.E.2d 470 (2008). The resolution in [Petitioner's] favor of the uncertainty in the question of whether a trafficking sentence should be elevated by the habitual felon act would be for this [c]ourt to hold that it cannot." (internal parenthetical omitted)); Appellant's Petition for Discretionary Review and Writ of Certiorari, State v. Haizlip, No. 329P14, 2014 WL 4656029, at *7-8 (N.C. Sept. 9, 2014) (seeking review by citing

---

[2] The Petition does not set forth Petitioner's conception of the Rule of Lenity (see Docket Entry 1, ¶ 12), but his summary judgment brief offers these two formulations: 1) "'ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity'" (Docket Entry 7 at 3-4 (quoting Rewis v. United States, 401 U.S. 808, 812 (1971))); and 2) "'where there is ambiguity in a criminal statute, doubts are resolved in favor of the defendant'" (id. at 4 (quoting United States v. Bass, 404 U.S. 336, 348 (1971))).

-5-

and quoting from foregoing portion of Petitioner's North Carolina Court of Appeals brief, "contend[ing] that the opinion below does not mention the Rule of Lenity argument," and asserting that his "Rule of Lenity argument is bolstered by reference to [State v. Eaton, 210 N.C. App. 142, 707 S.E.2d 642, review denied, 365 N.C. N.C. 202, 710 S.E.2d 25 (2011)] which the [North Carolina] Court of Appeals relied on for its ruling").

In moving for summary judgment, Respondent argued (1) that the North Carolina Court of Appeals "adjudicated and denied [Petitioner's instant claim] on the merits" (Docket Entry 5 at 6; see also id. at 6-7 (quoting Haizlip, 2014 WL 3824248, at *6-7)) and (2) that said adjudication on the merits "did not reach a result contrary to, or involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" (id. at 8; see also id. ("Nor is [that] opinion based on an unreasonable determination of facts . . . .")). As a result, Respondent's summary judgment brief contends this Court should deny relief "under the highly deferential standards of review, contained in 28 U.S.C. § 2254(d) and (e)." (Id.) Petitioner's summary judgment brief does not contest the applicability of Section 2254(d) and (e) (see Docket Entry 7 at 1-8), but instead maintains that "the opinion of the North Carolina Court of Appeals was contrary to, or an unreasonable application of, clearly established federal constitutional law, by finding the Habitual Felon sentencing scheme may be used to enhance Petitioner's trafficking sentence, when it was merely arguably the

-6-

more mandatory of two sentencing statutes" (id. at 8 (emphasis added) (internal quotation marks omitted)).[3] Petitioner, however, has not carried his burden of establishing that the North Carolina Court of Appeals contradicted or unreasonably applied any United States Supreme Court holding(s). (See id. at 1-8.)

As an initial matter, "[b]ecause [Petitioner's instant] claim, when pared down to its core, rests solely upon an interpretation of [state] case law and statutes, it is simply not cognizable on federal habeas review." Wright v. Angelone, 151 F.3d 151, 157 (4th Cir. 1998). In that regard, the North Carolina Court of Appeals rejected Petitioner's argument "that the trial court erred by enhancing his sentence under section 14-7.6 of the Habitual Felon Act." Haizlip, 2014 WL 3824248, at *6 (internal parenthetical omitted). In doing so, the North Carolina Court of Appeals "disagree[d]" with Petitioner's "conten[tion] that N.C. Gen. Stat. § 90-95(h)(3), which criminalizes the trafficking of cocaine, includes a mandatory sentence that may not be enhanced." Id. As support for that ruling, the North Carolina Court of Appeals relied on a prior opinion. See id. at *6-7 (citing and quoting Eaton, 210 N.C. App. at 144, 149-52, 707 S.E.2d at 644, 647-49).

---

[3] Petitioner's decision not to challenge the application of Section 2254(d) to his instant claim appears well-considered, notwithstanding the omission from the opinion by the North Carolina Court of Appeals of an explicit reference to the Rule of Lenity and/or the Due Process Clause. See Johnson v. Williams, ___ U.S. ___, ___, 133 S. Ct. 1086, 1096 (2013) ("When a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits . . . . [That] presumption is a strong one that may be rebutted only in unusual circumstances . . . ."); Harrington v. Richter, 562 U.S. 86, 99 (2011) ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary.").

-7-

In that prior opinion (ultimately deemed "controlling" by the Haizlip Court, id. at *7), which also concerned "a defendant convicted of drug trafficking and subject to enhanced sentencing as an habitual felon," Eaton, 210 N.C. App. at 151, 707 S.E.2d at 649,[4] the North Carolina Court of Appeals concluded that North Carolina's drug trafficking statute and its habitual felon statute "<u>complement each other</u> and address different means of enhancing punishment," id. (emphasis added). More specifically, the North Carolina Court of Appeals held that, "under the interpretation of the relevant statutory provisions that [it] believe[d] to be appropriate, a drug trafficker who is not an habitual felon would be subject to enhanced sentencing pursuant to N.C. Gen. Stat. § 90-95(h)(4), while a drug trafficker who has also attained habitual felon status would be subject to even more enhanced sentencing pursuant to N.C. Gen. Stat. § 14-7.6." Eaton, 210 N.C. App. at 151-52, 707 S.E.2d at 649.[5] The decision by the North

---

[4] The drug trafficking offense in Eaton involved an opiate, see Eaton, 210 N.C. App. at 144, 707 S.E.2d at 644, a class of drug covered by Paragraph (4) of North Carolina's drug trafficking statute, see N.C. Gen. Stat. § 90-95(h)(4). As documented in Section I, Petitioner's drug trafficking offenses involved cocaine, such that Paragraph (3) of North Carolina's drug trafficking statute attached, see N.C. Gen. Stat. § 90-95(h)(3).

[5] North Carolina's Structured Sentencing Act "creates felony sentences strictly contingent on two factors: the designated 'class of offense' and the offender's 'prior record level.'" United States v. Simmons, 649 F.3d 237, 240 (4th Cir. 2011) (en banc) (quoting N.C. Gen. Stat. § 15A-1340.13(b)). In North Carolina, drug crimes generally are "subject to Structured Sentencing. See N.C. Gen. Stat. §§ 15A-1340.10 to 15A-1340.33 (2007); N.C. Gen. Stat. § 90-95(a)(1) (2007). . . . [However, a separate] legislatively prescribed mandatory minimum sentence [applies to] the controlled substance trafficking offenses contained in N.C. Gen. Stat. § 90-95(h)(1)-(4b)." State v. Austin, No. COA08-1382, 197 N.C. App. 402 (table), 677 S.E.2d 13 (table), 2009 WL 1525256, at *2 (June 2, 2009) (unpublished), review denied, 363 N.C. 583, 682 S.E.2d 391 (2009). In that sense, North Carolina's drug trafficking statute imposes an "enhanced" sentence. Conversely, "[t]he Habitual Felon Act elevates the convicted person's status
(continued...)

-8-

Carolina Court of Appeals that two North Carolina statutes complement, rather than conflict with, each other must stand: "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

Because the North Carolina Court of Appeals determined as a matter of state law that no conflict exists between North Carolina's drug trafficking statute and its habitual felon statute, Petitioner's invocation of the Rule of Lenity entitles him to no federal habeas relief, particularly given the limited nature of the review available under Section 2254(d). See, e.g., Johnson v. Young, 779 F.3d 495, 497 (8th Cir. 2015) ("At the very least, [the petitioner] contends, the [Supreme] Court [of South Dakota] should have invoked the rule of lenity and interpreted legislative silence as demonstrating an intent not to impose multiple punishments. . . . [H]aving determined legislative intent [to impose multiple punishments existed] as a matter of state law, the Supreme Court of South Dakota was not constitutionally obligated to apply the rule of lenity to reach a contrary conclusion."); Butler v. O'Brien, 663 F.3d 514, 519 (1st Cir. 2011) ("We quickly dispatch the argument that the state court was required by clearly established Supreme Court case law to apply the rule of lenity or any other particular canon of statutory construction. . . .

---

[5](...continued)
within Structured Sentencing so that the person is eligible for longer minimum and maximum sentences." State v. Parks, 146 N.C. App. 568, 572, 553 S.E.2d 695, 698 (2001), review denied, 355 N.C. 220, 560 S.E.2d 355 (2002).

-9-

Federal courts have no power to dictate to state courts rules of statutory construction or mandate adoption of the rule of lenity. In any event, no such rule is clearly established as to state court convictions." (internal citation omitted)); Carey v. McDaniel, No. 3:10CV143-LRH-WGC, 2013 WL 1326450, at *7 (D. Nev. Mar. 29, 2013) (unpublished) ("There is no clearly-established Supreme Court doctrine applying a constitutional rule of lenity to the States . . . . That is why [the] petitioner cannot prevail under § 2254(d)(1) in this case." (emphasis omitted)).

Petitioner's summary judgment brief does reference eight opinions by the United States Supreme Court. (See Docket Entry 7 at 3-8 (citing, quoting, and/or parenthetically acknowledging Johnson v. United States, ___ U.S. ___, ___, 135 S. Ct. 2551, 2556 (2015), United States v. Lanier, 520 U.S. 259, 265 n.5, 266 (1997), Kolender v. Lewis, 461 U.S. 352, 357-58 (1983), Bifulco v. United States, 447 U.S. 381, 387 (1980),[6] United States v. Bass, 404 U.S. 336, 348 (1971), Rewis v. United States, 401 U.S. 808, 812 (1971),

---

[6] Petitioner's summary judgment brief mistakenly lists 2005 as the year of Bifulco's decision. (See Docket Entry 7 at 8.) In addition, it attributes this quotation to Bifulco (without any pin cite): "'The Rule of Lenity applies not only to the substantive provisions of a criminal statute, but also to the provisions providing for the penalties for violations of that statute.'" (Docket Entry 7 at 8.) That specific language does not appear in Bifulco, see Bifulco, 447 U.S. at 381-403; however, at the pin cite set forth in the text above, Bifulco does contain other language conveying the same gist, see id. at 387 ("[O]ur examination of § 406 [of the Comprehensive Drug Abuse Prevention and Control Act of 1970] must be informed by the policy that the Court has expressed as 'the rule of lenity.' In past cases the Court has made it clear that this principle of statutory construction applies not only to interpretations of the substantive ambit of criminal prohibitions, but also to the penalties they impose."). The sentence attributed by Petitioner to Bifulco actually appears (without the words "Rule" and "Lenity" capitalized), along with a citation to Bifulco, in an opinion from a neighboring district court. See United States v. Preston, 739 F. Supp. 294, 298-99 (W.D. Va. 1990).

-10-

Bell v. United States, 349 U.S. 81, 83 (1955), and United States v. Wiltberger, 18 U.S. 76, 95 (1820)).) Such references, however, do not satisfy Petitioner's obligation under Section 2254(d) to show the existence of clearly established United States Supreme Court precedent on point, as well-explained by another court confronted with analogous circumstances:

> Petitioner, of course, seeks to draw from the lenity cases an overarching rule that any time that there — allegedly — is an ambiguity on any statutory issue of any nature concerning a criminal conviction, the Due Process Clause of the Fourteenth Amendment requires the States to resolve the issue in the defendant's favor. No such holding applicable to this case was made in the [] lenity cases cited.

Carey, 2013 WL 1326450, at *5.

Indeed, two of the United States Supreme Court cases that appear in Petitioner's summary judgment brief do not even mention the Rule of Lenity (much less hold, as a matter of federal constitutional law, that state courts must apply the Rule of Lenity when disputes arise about the meaning of state sentencing provisions). See Johnson, ___ U.S. at ___-___, 135 S. Ct. at 2555-63 (applying Due Process Clause-based, void-for-vagueness doctrine to strike down part of a definition within a federal sentencing statute); Kolender, 461 U.S. at 353-62 (affirming injunction against enforcement of state criminal law requiring persons subject to a stop-and-frisk to provide identification information and an explanation for their activities, pursuant to void-for-vagueness doctrine). Petitioner thus cannot rely upon Johnson or Kolender to carry his burden under Section 2254(d). See Carey v. Musladin, 549

-11-

U.S. 70, 77 (2006) ("Given the lack of [a] holding[] from this Court regarding the [federal constitutional issue in question], it cannot be said that the state court unreasonably applied clearly established Federal law." (internal brackets and quotation marks omitted)). Nor do the other six United States Supreme Court decisions identified in Petitioner's summary judgment brief clearly establish that the Due Process Clause requires state courts to resort to the Rule of Lenity whenever a defendant raises a facial ambiguity in a state sentencing statute; in other words, "none of those cases dealt with circumstances like those present here." Woods v. Donald, ___ U.S. ___, ___, 135 S. Ct. 1372, 1376 (2015).

In Lanier, a federal defendant "convicted under 18 U.S.C. § 242 of criminally violating the civil rights of five women by assaulting them sexually while [he] served as a state judge . . . [secured the] revers[al of] his convictions on the ground that the constitutional right in issue [i.e., the right to freedom from sexual violence] had not previously been identified by th[e United States Supreme] Court in a case with fundamentally similar facts." Lanier, 520 U.S. at 261. "The question [before the Lanier Court was] whether this standard of notice [wa]s higher than the Constitution requires, and [the Lanier Court] h[e]ld that it [wa]s." Id. In reaching that result, the Lanier Court identified "three related manifestations of the fair warning requirement [which arises from the Due Process Clause]." Id. at 266.

After describing the void-for-vagueness doctrine as the first such manifestation, the Lanier Court listed, "as a sort of junior

-12-

version of the vagueness doctrine, the canon of strict construction of criminal statutes, or rule of lenity, [which] ensures fair warning by so resolving ambiguity in a criminal statute as to apply it only to conduct clearly covered." Id. (internal citation and quotation marks omitted).  The Lanier Court, however, did not ultimately decide any issue related to the Rule of Lenity (and certainly did not hold that the Due Process Clause mandates any particular statutory construction approach for state court adjudication of state sentencing laws). See id. at 266-72. Lanier thus affords Petitioner no basis for relief under Section 2254(d). See Yarborough v. Alvarado, 541 U.S. 652, 660-61 (2004) ("For purposes of 28 U.S.C. § 2254(d)(1), clearly established law as determined by this Court refers to the holdings, as opposed to the dicta, of this Court's decisions as of the time of the relevant state-court decision." (internal quotation marks omitted)); see also Board of Comm'rs of Hertford Cty., N.C. v. Tome, 153 F. 81, 87 (4th Cir. 1907) ("[E]xpressions found in opinions of courts which relate to a doctrine of law not necessarily in issue in the case then before the court are not to be regarded as deliberate and binding enunciations of such doctrines.  Carroll v. Carroll's Lessee, 16 How. 275, 287, 14 L. Ed. 936 [(1853)].  It is probable that there is no volume of the Supreme Court Reports in which the idea is not advanced that expressions of opinion not necessary to the determination of the case are to be regarded as dicta.").

The remaining five United States Supreme Court opinions referenced in Petitioner's summary judgment brief each discussed

-13-

the Rule of Lenity in the context of interpreting federal criminal laws, without rendering <u>any</u> federal <u>constitutional</u> rulings (let alone <u>holding</u> that the Due Process Clause compels state courts to employ the Rule of Lenity when interpreting state sentencing statutes). See <u>Bifulco</u>, 447 U.S. at 382-401; <u>Bass</u>, 404 U.S. at 337-51; <u>Rewis</u>, 401 U.S. at 809-14; <u>Bell</u>, 349 U.S. at 81-84; <u>Wiltberger</u>, 18 U.S. at 93-106. Indeed, two of the foregoing opinions expressly refer to the Rule of Lenity not as a <u>constitutional</u> doctrine, but rather as a matter of "policy" and/or "tradition," <u>Bifulco</u>, 447 U.S. at 387; <u>Bass</u>, 404 U.S. at 347-48, and a third (authored by Chief Justice John Marshall) similarly describes the Rule of Lenity only as an "ancient maxim," <u>Wiltberger</u>, 18 U.S. at 95. Simply put, these cases do not constitute clearly established federal constitutional commands regarding state court sentencing practices and thus Petitioner cannot prevail under Section 2254(d).

Finally, assuming the United States Supreme Court has held (as a matter of federal constitutional law) that state courts must apply the Rule of Lenity in certain situations, "it would not be <u>unreasonable</u> to conclude that the [R]ule of [L]enity on its own terms does not apply here." <u>Butler</u>, 663 F.3d at 519 (emphasis added). As the United States Supreme Court has explained:

> The simple existence of some statutory ambiguity . . . is not sufficient to warrant application of that rule, for most statutes are ambiguous to some degree. The rule of lenity applies only if, after seizing <u>everything from which aid can be derived</u>, [a court] can make no more than a guess as to what [the legislature] intended. To invoke

-14-

the rule, [a court] must conclude that there is a
<u>grievous</u> ambiguity or uncertainty in the statute.

<u>Muscarello v. United States</u>, 524 U.S. 125, 138-39 (1998) (emphasis added) (internal citations, ellipsis, and quotation marks omitted); <u>see also</u> <u>Chapman v. United States</u>, 500 U.S. 453, 463 (1991) ("The rule of lenity comes into operation at the end of the process of construing what Congress has expressed, not at the beginning as an overriding consideration of being lenient to wrongdoers." (internal brackets and quotation marks omitted)); <u>Moskal v. United States</u>, 498 U.S. 103, 108 (1990) ("[W]e have always reserved lenity for those situations in which a reasonable doubt persists about a statute's intended scope even after resort to the language and structure, legislative history, and <u>motivating policies</u> of the statute." (emphasis added) (internal quotation marks omitted)). Moreover, "there is no canon against using <u>common sense</u> in reading a criminal law, so that strained and technical constructions do not defeat its purpose by creating exceptions from or loopholes in it." <u>Kordel v. United States</u>, 335 U.S. 345, 349 (1948) (emphasis added); <u>see also</u> <u>United States v. Fisher</u>, 58 F.3d 96, 99 (4th Cir. 1995) ("While the rule of lenity requires courts to impose the lesser of two penalties in the face of unresolvable ambiguity, 'this in no wise implies that language used in criminal statutes should not be read with the saving grace of common sense with which other enactments, not cast in technical language, are to be read.'" (quoting <u>Bell</u>, 349 U.S. at 83) (internal brackets omitted)).

-15-

In this case, the North Carolina Court of Appeals did not act unreasonably by adhering to its previously espoused view that, rather than conflicting (because both contain "mandatory" language), North Carolina's drug trafficking statute and its habitual felon statute "complement each other," Eaton, 210 N.C. App. at 151, 707 S.E.2d at 649. To the contrary, as the North Carolina Court of Appeals pointed out, "as a matter of public policy, it is reasonable to assume that the legislature intended to further enhance the sentences of drug traffickers who are also habitual felons rather than ignoring their habitual felon status for sentencing purposes." Id. at 152, 707 S.E.2d at 649; see also Parke v. Raley, 506 U.S. 20, 26-27 (1992) ("Statutes that punish recidivists more than first offenders have a long tradition in this country that dates back to colonial times. . . . States have a valid interest in deterring and segregating habitual criminals."). Nor, as the North Carolina Court of Appeals indicated, does common sense favor construing North Carolina's sentencing laws to subject lower-level drug offenders (i.e., those not involved with trafficking-level amounts of drugs) to enhanced sentencing as habitual felons, but to immunize higher-level drug traffickers (i.e., those involved with larger amounts of drugs) from such enhancement when they qualify as habitual felons. See Eaton, 210 N.C. App. at 152, 707 S.E.2d at 649; see also United States v. Rollness, 561 F.3d 996, 998 (9th Cir. 2009) ("Given the absurd results that would flow from the interpretation of [this statute]

that [the defendant] urges, however, we find no ambiguity requiring lenity." (internal brackets and quotation marks omitted)).

In sum, the North Carolina Court of Appeals reached a decision harmonizing the state's drug trafficking and habitual felon laws "based on much more than a guess as to what [the legislature] intended, and there is no grievous ambiguity here." Muscarello, 524 U.S. at 139 (internal quotation marks omitted). Accordingly, to the extent the Due Process Clause affords state criminal defendants a right to have state courts construing state statutes employ the Rule of Lenity in the same fashion as do federal courts construing federal statutes, Petitioner still lacks entitlement to habeas relief, because he has not shown that the North Carolina Court of Appeals unreasonably applied any such federal constitutional doctrine in this instance. See generally White v. Wheeler, ___ U.S. ___, ___, 136 S. Ct. 456, 460 (2015) ("Under § 2254(d)(1), a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." (internal quotation marks omitted)); Schriro v. Landrigan, 550 U.S. 465, 473 (2007) ("The question under [Section 2254(d)] is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable — a substantially higher threshold.").

### V. Conclusion

Petitioner's federal habeas claim fails as a matter of law under Section 2254(d).[7]

**IT IS THEREFORE RECOMMENDED** that Respondent's Motion for Summary Judgment (Docket Entry 4) be granted and that judgment be entered against Petitioner in this action without issuance of a certificate of appealability.

/s/ L. Patrick Auld<br>
<b>L. Patrick Auld</b><br>
<b>United States Magistrate Judge</b>

January 19, 2016

---

[7] Respondent alternatively has argued that "Petitioner's Ground for Relief, and supporting assertions, are without merit even under regular de novo review" (Docket Entry 5 at 4), as well as that the so-called Teague bar and the doctrine of procedural default foreclose habeas relief in this case (see id. at 5, 9-11). Because the Petition clearly falls short under Section 2254(d) (the applicability of which Petitioner has conceded), the Court need not address Respondent's alternative arguments.

Case 1:15-cv-00417-TDS-LPA   Document 9   Filed 01/19/16   Page 18 of 18